IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH A. MOUNTCASTLE, SR.       *

           Plaintiff       *

      v.             *      Civil Action No. MJG-12-0885

SUNTRUST BANK         *

           Defendant     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

The *pro se* plaintiff Joseph A. Mountcastle, Sr. has brought an action against SunTrust Bank, alleging a violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* Pending before this Court is SunTrust's Motion to Dismiss Mountcastle's Complaint (ECF No. 6) for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  SunTrust argues that Mountcastle's Complaint under the Electronic Fund Transfer Act does not contain sufficient facts that, when accepted as true, support a plausible claim.

This Court has reviewed the submissions by both parties and has determined that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendant SunTrust Bank's Motion to Dismiss is GRANTED and Plaintiff Mountcastle's Complaint shall be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On March 5, 2012, Joseph A. Mountcastle ("Plaintiff") discovered an unauthorized debit charge made to his checking account in the amount of $2,699.95 from Amazon.com.  Pl.'s Compl. ¶ 5.  On or shortly after the same day, Plaintiff states that he notified his bank, the

Defendant SunTrust Bank ("SunTrust"), about the fraudulent charge.  *Id.* ¶ 6.  He then filled out and submitted to SunTrust a "Regulation E"[1] affidavit to provisionally credit his account for the amount lost.  *Id.*; Pl.'s Resp. in Opp'n at 2.  An investigation of Plaintiff's computer found a computer virus that caused the unauthorized purchase on Amazon.com.  Pl.'s Compl. ¶ 2.  Plaintiff alleges that SunTrust reviewed the charge and then refused to give him a refund, because the unauthorized purchase used Plaintiff's former address as the shipping address.  *Id.*  Plaintiff states that SunTrust closed his bank account after he threatened legal action.  *Id.*

On March 22, 2012, Plaintiff filed the subject *pro se* Complaint, ECF No. 1, alleging that SunTrust's refusal to credit his bank account for the amount lost constituted a violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").[2]  In his Complaint, Plaintiff states that the EFTA required SunTrust to provisionally reimburse him for the amount lost within ten days of notification to the bank.  *See* Pl.'s Compl. ¶ 6.  Plaintiff claims that SunTrust's failure to do so warrants treble damages under the EFTA, specifically section 1693f(e) of Title 15.  *Id.* ¶ 12.  Plaintiff also alleges that SunTrust's denial of his claim itself directly violated the EFTA. *Id.* ¶ 11.  Finally, Plaintiff avers that he bears no liability, because SunTrust's contracts with Visa and MasterCard have a "zero liability" policy, in which a consumer does not have to pay for fraudulent charges.  *Id.* ¶ 14.

SunTrust filed the subject Motion to Dismiss Plaintiff's Complaint ("Motion"), ECF No. 6, on July 16, 2012.  In its Motion, SunTrust seeks dismissal of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which

---

[1]     Regulation E is the regulation that carries out the Electronic Fund Transfer Act as promulgated by the Board of Governors of the Federal Reserve Board.  *See* 12 C.F.R. § 205.

[2]     Congress passed the EFTA in 1978 in order to better "provide a basic framework" in establishing the rights and liabilities of consumers who transfer their money using electronic systems.  15 U.S.C. § 1693(b).

relief can be granted.  In particular, SunTrust asserts that Plaintiff alleges insufficient facts in his Complaint to support a claim under the EFTA.  Mot. Dismiss at 1.  On July 26, 2012, Plaintiff filed a Response in Opposition to the Motion to Dismiss ("Plaintiff's Response"), in which Plaintiff clarifies certain facts and reiterates his arguments supporting his Complaint.  Pl.'s Resp., ECF No. 8.  On August 6, 2012, Defendant filed a Reply to Plaintiff's Response to the Motion to Dismiss ("Defendant's Reply"), which contested several of Plaintiff's arguments. Def.'s Reply, ECF No. 9.

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true, and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   After review, this Court has determined that Plaintiff has failed to state certain facts such that the Complaint, on its face, does not support a claim under the Electronic Fund Transfer Act ("EFTA").  Therefore, Defendant SunTrust's Motion to Dismiss is GRANTED and Plaintiff's Complaint shall be  DISMISSED WITHOUT PREJUDICE.


STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim,

or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court provides guidance on how to rule on such motions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679; *see O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010). A court may, however, incorporate into the complaint facts or allegations from a plaintiff's memoranda, correspondence, and associated documents when the complaint is unclear. *Jones v. Stafford*, No. 8:12-cv-0089, 2012 WL 5882588, at *1 (D. Md. Nov. 20, 2012) (citing *Pegram v. Herdrich*, 530 U.S. 211, 230 & n. 10 (2000) (stating that courts may consult parties' legal memoranda to clarify the meaning of ambiguous complaints)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

of action." *Twombly*, 550 U.S. at 555.  Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.  It need only *allege facts* sufficient to *state* elements of the claim.") (internal quotation marks and citation omitted)).  In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.  *Iqbal*, 556 U.S. at 664.


DISCUSSION

SunTrust has moved to dismiss the Complaint for failing to satisfy the pleading requirements mandated by Rule 8(a)(2) of the Federal Rule of Civil Procedure.  SunTrust makes four arguments in support of its Motion.  First, SunTrust argues for dismissal of Plaintiff's complaint for not citing any facts demonstrating that he notified SunTrust in a timely manner as required by the EFTA.  *See* Mot. Dismiss at 3.  Second, SunTrust argues that Plaintiff fails to allege any facts showing an entitlement to provisional credit for his bank account.  *See id.* at 4.  Third, SunTrust asserts that Plaintiff has not shown how its denial of his fraud claim violated the EFTA.  *See id.*  Finally, SunTrust states that the Visa and MasterCard "zero liability" policies do not apply to Plaintiff's claim.  *See id.* at 5.

A.  <u>Plaintiff's Notification to SunTrust of the Unauthorized Transfer</u>

SunTrust argues that Plaintiff failed to provide the necessary facts showing a timely notification, as required by section 1693f(a) of Title 15, to SunTrust about an unauthorized electronic transfer.  The language of section 1693f(a) reads:

> (a) If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 1693d (a), (c), or (d) of this title or notification pursuant to section 1693d (b) of this title, receives oral or written notice in which the consumer—
>
>> (1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;
>>
>> (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 1693d (b) of this title, the consumer's account, contains an error and the amount of such error; and
>>
>> (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,
>
> the financial institution shall investigate the alleged error . . . .

15 U.S.C. § 1693f(a).

Plaintiff's Complaint states that the unauthorized transfer occurred "on or about March 5, 2012."  Pl.'s Compl. ¶ 5.  Plaintiff alleges that he "promptly reported" this transfer to his bank. *Id.*  While SunTrust contends that the Plaintiff has not advanced facts sufficient to show that he complied in a timely fashion with the statutory requirements of section 1693f(a), this Court finds that the Plaintiff has alleged "enough [factual allegations] to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  It is worth noting that when assessing the allegations of a *pro se* plaintiff, a court must take care not to dismiss a complaint unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would

entitle him to relief.  *Gordon*, 574 F.2d at 1151.  In fact, the Supreme Court had held that the pleadings of a *pro se* litigant are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citation omitted).

In light of this less stringent standard for *pro se* complaints, Plaintiff's allegation that he "promptly" reported the unauthorized transfer is sufficient.   Moreover, since Plaintiff filed suit on March 22, 2012, within the EFTA's sixty-day period, it is hardly implausible that he gave notice within the required statutory period.

B. <u>SunTrust's Investigation of the Unauthorized Transfer Claim and Provisional Crediting of Plaintiff's Account</u>

SunTrust disputes Plaintiff's argument that he was entitled to a provisional crediting of his account under the facts of the Complaint, and further disputes that Plaintiff is entitled to treble damages due to SunTrust's conduct.  *See* Mot. Dismiss at 4.  When a bank receives notification of an unauthorized transfer, section 1693f requires the bank to complete an investigation of the claim within ten business days.  15 U.S.C. § 1693f(a).  However, if the bank believes the claim will take a longer period of time to process, it may provisionally credit the claimant's account for the amount disputed and take up to forty-five days for its investigation. 15 U.S.C. § 1693f(c).  At the conclusion of the investigation, the bank must credit the claimant's account if it determines that an error occurred. 15 U.S.C. § 1693f(d).  If it believes that no error occurred, the bank must send to the claimant a notice explaining the findings of its investigation. *Id.*  The EFTA potentially provides for treble damages when a bank fails to provisionally credit an account for inquiries taking longer than ten days.  15 U.S.C. § 1693f(e).  Treble damages apply only if the bank did not conduct a good faith investigation of the claim, rejected the claim

despite not having a reasonable basis to do so, or unreasonably failed to draw from the evidence that no error had occurred.  *Id.*

Plaintiff fails to allege any facts demonstrating an entitlement to provisional crediting, but merely states in his Complaint that "the bank was supposed to provisionally credit his account within [ten] days." Pl's Compl. ¶ 6.   It is true that if SunTrust's inquiry into his case took longer than ten days, Plaintiff may have a valid claim against SunTrust under section 1693f(e).  However, the Complaint presents simply a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff has not alleged facts establishing a plausible claim for treble damages on the facts of his Complaint, - he does not allege details establishing any bad faith on SunTrust's part or discuss the results of SunTrust's investigation.  Plaintiff has not alleged facts that, if true, would present a plausible claim under section 1693f(e) of the EFTA.


C.  SunTrust's Denial of Plaintiff's Unauthorized Transfer Claim

SunTrust challenges Plaintiff's assertion that its denial of his claim violated the EFTA. Mot. Dismiss at 4.  In his Complaint, Plaintiff declares "SunTrust Bank 'investigated' the charge, and refused to refund the fraudulent charge . . . in direct violation of Reg [sic] E . . . ."  Pl.'s Compl. ¶ 9.  Plaintiff does not explain further why he believes that SunTrust's rejection of his claim constitutes a violation of the EFTA.  If, for example, he believes that SunTrust denied it in bad faith, he should, at least, clarify his position to reflect that conclusion, explain how he was able to come to that conclusion, and point to the specific provisions of the EFTA that would support such a case.  Plaintiff may not, however, rely upon "labels or conclusions" as he has done here.  *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 550 (2007).  Without more than

conclusory statements, Plaintiff's Complaint fails to state a claim that SunTrust infringed upon the EFTA.

      D.  <u>Zero Liability Policy for Fraudulent Charges</u>

Plaintiff argues that the contractual provision in his agreement with SunTrust allows him to be free of liability for the fraudulent transaction. *See* Pl.'s Compl. ¶ 14. SunTrust claims that the policy in its contracts with Visa and MasterCard providing for zero liability on unauthorized charges does not apply in this case, because the policy only applies to credit, rather than debit, purchases. *See* Mot. Dismiss at 5. Furthermore, SunTrust appears to contend that the Visa and MasterCard policies do not fall under the EFTA because credit purchases do not involve an electronic fund transfer. *Id.* Since Plaintiff's Complaint alleges an unauthorized transfer from his bank account, SunTrust asserts that Plaintiff cannot make a zero liability claim for a credit transaction.

Although the Complaint is ambiguous as to whether the unauthorized purchase was processed through the debit or credit feature of Plaintiff's access device, Plaintiff clarifies in his Response to Defendant's Motion to Dismiss that the purchase was processed as a credit transaction. Pl.'s Resp. at 3. Plaintiff further contends that because transactions processed through credit card networks are considered "signature" purchases under his cardholder agreement with SunTrust, the "zero liability" policy does indeed apply. *Id.* Given that Plaintiff's Response may be used to clarify ambiguity in the Complaint, Plaintiff has adequately

pleaded that,  for purposes of this claim, he takes the position that the transaction at issue was a "credit" transaction.[3]

Despite Plaintiff's clarification of his Complaint, Plaintiff fails to plead sufficient facts presenting a plausible "zero liability" claim.  Plaintiff has not alleged facts providing a sufficient explanation of the nature of his agreement with SunTrust, or  explaining how the credit card "zero liability" policy is relevant to the EFTA.    Here again,  Plaintiff seeks to proceed upon a mere conclusory statement of entitlement that is insufficient under Rule 8(a)(2).  See *Iqbal*, 556 U.S. at 678.

<u>CONCLUSION</u>

For the reasons stated above:

1.  Defendant SunTrust Bank's Motion to Dismiss (ECF No. 6) is GRANTED.

2.  Judgment shall be entered by separate Order.

SO ORDERED, this <u>Tuesday, February 12, 2013</u>

_____/s/_____

Marvin J. Garbis

United States District Judge

---

[3]      This position may be inconsistent with the position taken in regard to Plaintiff's EFTA claims.